IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**MICHAEL A. LUJAN,**

    Plaintiff,

    v.

**DETECTIVE BILL FORD,** individual and official capacity, **CITY OF MEDFORD,** official capacity; **JACKSON COUNTY,** official capacity; **JUSTIN IVENS,** individual and official capacity, **IAN MCDONALD,** individual and official capacity; **TIM KENNEDY**, individual and official capacity; **ERIC HENDERSON, BEN FAZIO, MICHAEL HERMANT**, individual and official capacity; **TIM GEORGE,** Chief of Medford P.D. individual and official capacity; **MIKE BUDREAU,** Individual and official capacity; **MIKE S. WINTERS,** individual and official capacity; **JOHN DOES 1-5** (Medford P.D.); **JOHN DOES** 1-5 (Jackson County Sheriff's Deputies),

    Defendants.

No. 2:15-cv-02015-MO

OPINION AND ORDER

**MOSMAN, J.**,

The issue in this case is whether Plaintiff Michael Lujan's claims are barred due to the applicable statute of limitations. The Defendants City of Medford (City of Medford, Mike Budreau, Bill Ford, Tim George, Justin Ivens, Ian McDonald, and Medford Police Department) and Jackson County (Ben Fazio, Eric Henderson, Michael Hermant, Jackson County, Time Kennedy, Mike S. Winters, and Jackson County Sheriff's Deputies) each filed a motion to dismiss, (Def.'s Mot. to Dismiss [13]; Def.'s Mot. to Dismiss [14]), arguing the statute of limitations has run on Mr. Lujan's claims. For the reasons stated below, I GRANT both motions [13, 14] and DISMISS Mr. Lujan's claims with prejudice.

1- OPINION AND ORDER

## BACKGROUND

Mr. Lujan's claims in this suit arise from his arrest on May 30, 2012, and are related to a prior lawsuit he voluntarily dismissed against the same Defendants. (Pl.'s Amended Compl. [9] at 4-11.) The allegations in both this suit and the prior suit are identical and include 42 U.S.C. § 1983 and state law claims against city and county officials. (*Id.* at 12-19.)

In their Answer to Mr. Lujan's complaint filed in the first lawsuit, Defendants invoked the *Heck* doctrine as a bar to Mr. Lujan's § 1983 claims. *See Heck v. Humphrey*, 512 U.S. 477, 484 (1994) (Pl.'s Amended Compl. [9] at 4.) Mr. Lujan filed for voluntary dismissal, and this Court entered judgment on December 16, 2013, dismissing his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). (Def.'s Mot. Dismiss [13] at 3.) Mr. Lujan eventually determined Defendants may have raised the *Heck* doctrine in error and filed a new complaint in the present case on October 26, 2015. (Pl.'s Amended Compl. [9] at 5.) Defendants now file motions to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing the statute of limitations for each claim has run. (Def.'s Mot. to Dismiss [13] at 2; Def.'s Mot. to Dismiss [14] at 2.)

## STANDARD OF REVIEW

A statute of limitations defense may be raised by a motion to dismiss "if the running of the statute is apparent on the face of the complaint." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). A motion to dismiss can be granted "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim." *Id.* (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). Furthermore, "[w]hen a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Id.* To read

with the "required liberality," I must consider Plaintiff's factual allegations in the "light most favorable to [him]." *See Christopher v. Harbury*, 536 U.S. 403, 406 (2002). However, the plaintiff must assert factual allegations that are "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## DISCUSSION

Defendants move to dismiss Mr. Lujan's complaint in its entirety, arguing the statute of limitations for each claim has run. Specifically, Defendants argue the applicable statute of limitations for Mr. Lujan's § 1983 and state law claims is two years, and more than two years had passed between when the alleged events occurred and when Mr. Lujan filed the present suit. (Def.'s Mot. to Dismiss [13]; Def.'s Mot. to Dismiss [14].)

In response to Defendants' motions to dismiss, Mr. Lujan makes three arguments: (1) the appropriate statute of limitations to apply is six years; (2) the limitations period should be tolled; and (3) the doctrine of equitable estoppel applies. I reject each of Mr. Lujan's arguments and provide my reasoning below.

### I.    Statute of Limitations

Mr. Lujan alleges violations of the Fourth and Fourteenth Amendment, and each of these claims is brought under 42 U.S.C. § 1983. Mr. Lujan also brings a variety of state law claims alleging criminal violations under Title 16 of the Oregon Code. These Title 16 claims are governed by Title 3 Chapter 30 of the Oregon Code which controls suits against government units and officials. *See* OR. REV. STAT. ANN. § 30.260 et seq. (West 2015). For both the federal and state law claims, the appropriate statute of limitations to apply is two years.

3- OPINION AND ORDER

A.     *Federal Law Claims*

Mr. Lujan relies on *Clark v. Musick*, 623 F.2d 89 (9th Cir. 1980) and a creative use of legislative history to argue I should apply a six-year statute of limitations to his federal claims. (Pl.'s Resp. to Mot. to Dismiss [25] at 2-4.) In *Clark*, the Ninth Circuit concluded "the applicable period of limitations for these Section 1983 actions is six years under ORS 12.080(2)." *Clark*, 623 F.2d at 92. ORS 12.080 reads, in pertinent part, "[a]n action upon a liability created by statute, other than a penalty or forfeiture, excepting those mentioned in ORS 12.110 . . . shall be commenced within six years." OR. REV. STAT. ANN. § 12.080 (West 2015). By its own language, ORS 12.080 is limited by ORS 12.110, which governs the statute of limitations for personal injury cases and establishes a two-year limitation for those claims. OR. REV. STAT. ANN. § 12.110 (West 2015).

In decades past, courts have wrestled with which of these two statutes to apply in § 1983 cases. *Compare Clark*, 623 F.2d at 92 (holding the applicable statute of limitations for § 1983 claims in Oregon is six years), *with Kosikowski v. Bourne*, 659 F.2d 105, 108 (9th Cir. 1981) (holding a two year statute of limitations applies to § 1983 actions). The Supreme Court, in *Wilson v. Garcia*, resolved this question and determined § 1983 claims are best characterized as "tort action[s] for the recovery of damages for personal injuries." *Wilson v. Garcia*, 471 U.S. 261, 276 (1985), *superseded by statute*, 28 U.S.C. § 1658. The contemporary consensus in the Ninth Circuit is "[t]he applicable statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 is the forum state's statute of limitations for personal injury actions." *Carpinteria Valley Farms, Ltd. v. Cty. of Santa Barbara*, 344 F.3d 822, 828 (9th Cir. 2003) (citing *Knox v. Davis*, 260 F.3d 1009, 1012 (9th Cir. 2001)). In Oregon, the statute of limitations for personal injury

4- OPINION AND ORDER

actions is two years. OR. REV. STAT. ANN. § 12.110. Therefore, the applicable statute of limitations in § 1983 cases in Oregon is two years.

      Mr. Lujan points to the legislative history of ORS 30.265 in an attempt to clarify an ambiguity in the case law that does not exist. ORS 30.265 defines the scope of liability of public officials. In 1977, the Oregon legislature amended ORS 30.265(1) to specify that "tort," as used in ORS 30.260 through 30.300, includes any violation of 42 U.S.C. 1983. *See Kosikowski*, 659 F.2d at 107. In *Kosikowski*, the Ninth Circuit, applying the amended ORS 30.265(1), decided a two-year statute of limitations applied to § 1983 claims. *Id*. After *Kosikowski*, the Oregon legislature amended ORS 30.265(1) again to no longer mention § 1983 claims. Notably, however, the Oregon legislature did not specify that § 1983 claims do not constitute actions in tort. While the Oregon legislature may not have specifically nested § 1983 claims under a particular body of law, the courts have continued to label § 1983 claims as actions in tort and apply a two-year statute of limitations. *See, e.g.*, *Carpinteria Valley Farms, Ltd.*, 344 F.3d at 828. Given the abundance of precedent supporting the application of a two-year statute of limitations to § 1983 cases, Mr. Lujan's argument is unpersuasive.

      B.    *State Law Claims*

      While it is not entirely clear, Mr. Lujan's arguments regarding the statute of limitations for his state law claims appear to be the same as his arguments for his federal law claims. If he indeed intended to raise the same arguments, they are equally unpersuasive in the state-law-claim context. Oregon has clearly established a two-year statute of limitations for actions arising from "any act or omission of a public body or an officer, employee or agent of a public body." OR. REV. STAT. ANN. § 30.275 (West 2015).

Accordingly, the appropriate statute of limitations to apply to Mr. Lujan's federal and state law claims is two years. The last event alleged in Mr. Lujan's amended complaint is May 30, 2012. Therefore, he had two years from May 30, 2012, to file his claims. He filed this lawsuit on October 26, 2015, almost seventeen months too late. Thus, his claims are barred by the statute of limitations.

## II.    Equitable Tolling

Mr. Lujan contends that even if I apply the two-year statute of limitations to his claims, the doctrine of equitable tolling should apply and allow his claims to survive. Equitable tolling focuses on whether the plaintiff has an excusable delay. "If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs." *Lukovsky v. City & Cty. of San Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008) (quoting *Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002)).

In most § 1983 actions, the state's tolling rules apply. *Bd. of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 484 (1980). Oregon's tolling doctrine is limited. By statute, the statute of limitations may be tolled for a person less than 18 years of age or for a person who has "a disabling mental condition that bars the person from comprehending rights that the person is otherwise bound to know." OR. REV. STAT. ANN. § 12.160 (West 2015). Mr. Lujan does not allege he falls into either of these categories. Instead, he argues confinement used to be one of the disabilities specifically covered by ORS 12.160 and should still be considered a disability warranting tolling. (Pl.'s Resp. to Mot. to Dismiss [25] at 3-4.) However, confinement is not listed as a disability in the current statute nor is there case law supporting the application of the old language of ORS 12.160 in this case.

"For an individual who is not disabled, as defined by ORS 12.160, the limitation period is not truncated if he files a complaint and voluntarily dismisses the action before the Statute of Limitations runs. The same considerations are involved for the extended limitation period." *Luchini By & Through Luchini v. Harsany*, 779 P.2d 1053, 1055-56 (Or. Ct. App. 1989). There is no authority to toll the statute of limitations based on Mr. Lujan's own mistake and "[a] suit dismissed without prejudice pursuant to Rule 41(a)(2) leaves the situation the same as if the suit had never been brought in the first place." *Humphreys v. United States*, 272 F.2d 411, 412 (9th Cir. 1959). Therefore, the doctrine of equitable tolling does not apply in this case.

### III.    Equitable Estoppel

Mr. Lujan also argues that the doctrine of equitable estoppel should excuse his failure to bring this case within the two-year statute of limitations. Equitable estoppel has five elements:

> [T]here must (1) be a false representation; (2) it must be made with knowledge of the facts; (3) the other party must have been ignorant of the truth; (4) it must have been made with the intention that it should be acted upon by the other party; [and] (5) the other party must have been induced to act upon it.

*Coos County v. State*, 734 P.2d 1348, 1354 (Or. 1987) (quoting *Oregon v. Portland Gen. Elec. Co.*, 95 P. 722, 731 (Or. 1908)).

"Equitable estoppel . . . focuses primarily on actions taken by the defendant to prevent a plaintiff from filing suit, sometimes referred to as 'fraudulent concealment.'" *Lukovsky*, 535 F.3d at 1051 (citing *Johnson*, 314 F.3d 409). The federal courts may allow equitable estoppel "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. [The courts] have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin v.*

7- OPINION AND ORDER

*Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (citing *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)).

Mr. Lujan has failed to plead plausible facts suggesting Defendants knowingly made a false representation with the intent that he would act upon it. There is no evidence Defendants raised the *Heck* doctrine in bad faith or in an effort to mislead him. Mr. Lujan cites *Glus v. Brooklyn E. Dist. Terminal*, 359 U.S. 231 (1959) in support of his position. However, *Glus* concerned a plaintiff being misled as to the appropriate statute of limitations. *Id.* at 235. Here, Defendants did nothing to mislead Mr. Lujan into thinking he could file his lawsuit beyond the statute of limitations; Defendants simply raised the *Heck* doctrine as an affirmative defense. Even if the *Heck* doctrine was raised in error, Mr. Lujan has not alleged the doctrine was raised as a means of fraudulently deceiving him into believing he had extended time to pursue his claims. He had an opportunity to research the *Heck* bar, but chose to have his case dismissed.

Because Mr. Lujan has failed to plead facts making the assertion that Defendants attempted to fraudulently mislead him plausible on its face, equitable relief is not appropriate.

## CONCLUSION

For the foregoing reasons, I GRANT Defendants' Motions to Dismiss [13, 14] and DISMISS all of Mr. Lujan's claims with prejudice.

IT IS SO ORDERED.

DATED this __7th__ day of June, 2016.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
Chief United States District Judge
